IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HENRY,            )
                          )
       Plaintiff,         )
                          )
v.                        )   No. 07 C 4814
                          )
                          )
UNITED STATES OF AMERICA, et al.  )
                          )
       Defendants.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Michael Henry's ("Henry") motions for recusal and reconsideration. For the reasons stated below, we deny Henry's motions.

## BACKGROUND

The instant action arises from a tax dispute between Henry and Defendant Internal Revenue Service ("IRS") regarding Henry's tax liability for the 1999 tax year. Henry brought suit in the Eastern District of Louisiana on April 1, 2002, seeking a tax refund, alleging misconduct by individual tax agents, and seeking a writ of mandamus to command the IRS to begin an investigation and to remove the individual agents and attorneys employed by the IRS. (EDLA 02-cv-968(4)). All

1

claims other than Henry's tax refund claim, including his petition for a writ of mandamus, were promptly dismissed by the district judge ("Judge Engelhardt"). While his case in Louisiana was being litigated, the IRS made a determination, unrelated to his pending case, that Henry owed an additional tax liability for the 1999 year. On December 13, 2004, Henry received this deficiency assessment from the IRS ("2004 Tax Deficiency Assessment"). Henry attempted to litigate this new deficiency determination in his pending Louisiana suit but Judge Engelhardt found that there was no jurisdiction.

On December 22, 2006, Henry filed suit in the Northern District of Illinois naming the individual IRS tax agents who prepared the 2004 Tax Deficiency Assessment and the United States of America as defendants ("Judge Coar Case"). (07-cv-3337(1)). Henry alleged numerous illegal activities by the individual IRS tax agents, including allegations of illegal activities that resulted in the 2004 Tax Deficiency Assessment. *Id.* Most notably, Henry alleged that the individual IRS tax agents engaged in a scheme to defraud him and deprived him of honest services. *Id.* The defendants in that case filed a motion to dismiss, alleging that the statute of limitations had run since Henry received his 2004 Tax Deficiency Assessment over two years before he filed suit and also because Henry's action was a collateral attack on a prior court's ruling on the same issue in the Eastern District of Louisiana. (07-cv-3337(55)). On August 20, 2007, Judge Coar dismissed all of Henry's claims based on the statute of limitations argument and did not reach the collateral attack

argument. (07-cv-3337(136)).

Seven days after Judge Coar dismissed Henry's action, Henry filed the instant action, on August 27, 2007, alleging the same facts and seeking nearly $300,000,000.00 in damages. Henry alleges in his motion for reconsideration that at the same time he filed the instant action he also filed another action relating to the IRS' collection activity relating to his 2004 Tax Deficiency Assessment.

In the instant action, Henry named the same parties from the Judge Coar Case and added numerous parties unrelated to his claims regarding the 2004 Tax Deficiency Assessment and the resulting collection activities, including the judges and attorneys from multiple cases involving his 2004 Tax Deficiency Assessment, the Government attorneys from the Judge Coar Case, numerous members of the United States Senate and House of Representatives, the Attorney General, numerous members of the Justice Department, other judicial officers in the Eastern District of Louisiana and the Fifth Circuit, and the entire rosters of the Louisiana and Illinois Attorney Registration and Disciplinary Commissions. (Compl. 1-4).

Henry alleged that all the additional Defendants in this case either knew about the alleged illegal actions of these individual IRS tax agents or should have known about these alleged illegal actions and failed to rectify the situation. On September 28, 2007, we dismissed the instant action for the reason that it is a collateral attack on Judge Coar's ruling and is frivolous.

## DISCUSSION

I. Motion for Recusal

First, we discuss Henry's motion for recusal. Henry's motion states in its entirety: "Plaintiff Michael F. Henry hereby, Request [sic] that [the judge] Recuse himself from this case." (Doc. No. 38). Henry also filed a memorandum in support of his motion for recusal. (Doc. No. 40). However, the memorandum merely rehashes in a boilerplate fashion most of his arguments relating to his many lawsuits and does not articulate any legitimate basis for recusal.

A judge should not grant a motion for recusal without sufficient justification to warrant such a drastic step in a case. *See Franklin v. McCaughtry*, 398 F.3d 955, 959 (7th Cir. 2005)(stating that "[t]he general presumption is that judges are honest, upright individuals and thus that they rise above biasing influences"). Only when there is a "reasonable appearance of bias" should a judge grant a motion for recusal. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004); 28 U.S.C. § 455. In addition, a party must show actual bias to warrant a disqualification of a judge. *Id.*; 28 U.S.C. § 144. Henry has not shown the appearance of a bias or actual bias by the court in this case. He merely asserts that he believes this court is biased and it is apparent from his motion that his belief is solely based upon the fact that the court did not rule in his favor in this case. Adverse rulings do not provide a basis for recusal. Otherwise, every party that receives an adverse ruling would be able to obtain a new judge for future proceedings. Therefore, we deny the motion for

recusal.

## II. Motion to Reconsider

Next we discuss Henry's motion to reconsider. Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In his motion for reconsideration, Henry has raised two arguments. First, he claims that the court acted improperly by failing to consider his amended complaint. Second, he argues that the court erred by misconstruing his complaint. (P. Mot. Recon. 4).

## A. Consideration of the First Amended Complaint

Henry first asserts that the court acted improperly by failing to consider his amended complaint when issuing its order of dismissal. (P. Mot. Recon.). Henry claims that he tendered his first amended complaint to the Clerk of the Court before he was handed a copy of the order of this court's dismissal of the instant action, by the Courtroom Deputy. However, the docket reflects that the order of dismissal was entered before the entry on the docket of Henry's amended complaint. The docket reflects that the court entered judgment dismissing the action on September 25, 2007. (Docket No. 29). The docket further reflects an entry of Henry's amended complaint sequentially later on that day. (Docket No. 30). Therefore, Henry's argument that the court failed to consider the amended complaint when the court dismissed Henry's complaint is without merit.

However, even if the facts represented by Henry in his motion for reconsideration are true, that he submitted his amended complaint to the clerk of the court before he received our dismissal order, Henry's amended complaint does not cure the defects in his original complaint. Henry's amended complaint rehashes the same allegations against the same parties and adds "18 U.S.C. § 1983" to many counts. We note that there is no such statute as 18 U.S.C. § 1983. However, since Henry is *pro se*, we will construe that Henry intended to allege 42 U.S.C. § 1983 ("Section 1983"). Adding Section 1983 did not change Henry's original complaint. It is implied, especially in *pro se* complaints, that Section 1983 would be the

mechanism for recovery for allegations of deprivation of constitutional rights. *See Bartholet v. Reishauer*, 953 F.2d 1073, 1078 (7th Cir. 1992)(stating that when interpreting a complaint, the court should ask "whether relief is possible under any set of facts that could be established consistent with the allegations").

In his amended complaint, Henry also added several patently frivolous claims including a request for "a permanent injunction against the States of Illinois and Louisiana preventing Attorneys from the State of Louisiana from practicing in the State of Illinois until such a time as the State of Louisiana and the State of Illinois Start [sic] enforcing their constitution and properly starts [sic] regulating the practice of law and enforce the rules and procedures established by their rules of professional conduct. . . ." (Amend. Compl. 150). Adding Section 1983 and other frivolous claims does not correct the underlying deficiencies in Henry's original complaint, namely, that his claims are a collateral attack on prior court rulings and are frivolous. As a result, Henry's amended complaint, in effect, is exactly the same as his original complaint.

Ordinarily, a plaintiff can amend a complaint once as a matter of course before a responsive pleading is filed for the original complaint. Fed. R. Civ. P. 15(a). However, the right to amend as a matter of course has limits. *See Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004)(stating that "the right to amend as a matter of course is not absolute"). A court can refuse to allow a plaintiff to amend a complaint as a matter

of course "'if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss.'" *Id.* (quoting *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991)). Henry's amended complaint did not correct any of the defects of his original complaint that would have resulted in a different ruling. Therefore, Henry's amended complaint, even if it was filed before our dismissal of the action, would not have changed the outcome.

### B. Henry's Arguments Regarding the Merits of His Claims

After Henry filed the instant action, the Government brought to this court's attention that Henry has litigated these issues previously and requested that we refer Henry to the Executive Committee of the District Court for the Northern District of Illinois ("Executive Committee") to bar Henry from filing without permission any further actions in this district. This court, after carefully reviewing Henry's filings as well as the cases cited by both Henry and the Government, determined that Henry's claims in this case were a collateral attack on earlier court rulings and were frivolous. We, therefore, dismissed the instant action in the interest of judicial efficiency. In his motion for reconsideration, Henry argues that this court was incorrect in finding that his claims were a collateral attack on prior rulings and were frivolous. He argues that his complaint in this case raises new issues that have not been litigated before in Henry's lawsuits relating to these matters. However, a review of Henry's complaint and the referenced court cases brought by Henry on

this same matter reveals that the instant action is an attempt to relitigate issues that have already been addressed by other courts.

Henry also has alleged that if the court had read his complaint and looked at the documents that he had submitted, this court would have concluded otherwise. This court has reviewed all of the documents submitted by Henry and all of the referenced cases. Despite adding numerous new parties, Henry's claims in the instant action are verbatim, for the most part, from the filing before Judge Coar and emanate from the 2004 Tax Deficiency Assessment that was the subject of Henry's claims before Judge Coar. In addition, Henry's complaint rehashes other allegations against IRS agents that were the subject of Judge Engelhardt's rulings. In Henry's 147-page complaint in the instant action, which includes numerous unrelated dissertations on a spectrum of subjects ranging from the Napoleonic Code to various political scandals, Henry brings no new factual allegations. Just as in the Judge Coar Case, Henry alleges illegal activities by members of the IRS in reaching the 2004 Tax Deficiency Assessment. Judge Coar resolved Henry's claims that form the basis for the instant action. Judge Coar concluded that the statute of limitations barred Henry from litigating his claims relating to the 2004 Tax Deficiency Assessment.

Henry argues that his claims for illegal collection activities by the IRS are not frivolous because he has received recent letters from the IRS demanding payment due to his 2004 Tax Deficiency Assessment. (P. Mot. Recon. 4). Henry argues that with each receipt of a demand letter from the IRS, relating to his 2004 Tax

Deficiency Assessment, he is entitled to bring a new cause of action for alleged illegal collection proceedings. He argues that the statute of limitations has not run on his claim for alleged illegal collection proceedings because the collection process is ongoing and it triggers a new statute of limitations period every time he receives a demand for payment on his 2004 Tax Deficiency Assessment. In making this argument, Henry is again asking this court to determine an issue which has already been adjudicated by Judge Coar. In the case before Judge Coar, which was filed on December 22, 2006 and after Henry had received another demand letter relating to his 2004 Tax Deficiency Assessment, Judge Coar ruled that all of Henry's claims relating to the 2004 Tax Deficiency Assessment were time-barred by the statute of limitations. (06-cv-7087(138)). We should note that Henry has filed an appeal from Judge Coar's ruling with the Seventh Circuit Court of Appeals. In dismissing Henry's instant action, we found Henry's complaint to be a collateral attack on previous rulings and to be frivolous. Henry has not shown that the court erred in dismissing the instant action. We find that Henry has not presented sufficient basis for reconsideration of our earlier ruling and we deny the motion to reconsider.

## CONCLUSION

Based on the foregoing analysis, we deny Henry's motions for reconsideration and recusal. All other pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 25, 2007